SuTLnnr, J.
It is provided by section 263 of the code, that “ issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference bo ordered as hereinafter provided.” *
The defendants saw fit to answer instead of demur to the petition. There was, therefore, no question of law raised to the court. No replication was then required to the matters set forth in the answer as a defense, but the same were to be regarded as denied by tho plaintiff. No one was present to waive a jury on the part of the defendants, nor was a jury waived by the plaintiff; the issues of fact raised by the answer, the action being for the recovery of money, could, therefore, only be tried by a jury; and this disposes-of the second assignment of error.
Again, it is provided by section 297 of the code, that a new trial of an issue of fact may be granted in the same court after a verdict by a jury, for certain causes therein expressed; but those causes, or some one of them, must be made to appear, in order to entitle the-party to such new trial. It is a sufficient answer to tho third assignment of error, that no bill of exceptions was taken, showing wliat proof was made on the hearing of the motion for a now trial; nor does it appear that the defendants, or their counsel, even excepted to the overruling of the motion.
As to the fourth assignment, it appears, from the ^record,, that there was nothing lost to the defendants by the motion in arrest being overruled, inasmuch as the motion, which could only have been made to sot aside the verdict, was not filed until some time after the judgment had been rendered.
There remains to be considered, then, only the question raised by the first and fifth assignments of error—the sufficiency of the matters set forth in the petition to sustain the judgment. The simple question presented for our consideration may therefore be answered by ascertaining whether the verdict would, at common law, have been subject to a motion in arrest of judgment; or, under tho provisions of our code, to bo set aside or vacated for being “ contrary to law,” before the rendition of judgment.
It is required by the provisions of our code (section 85), that the petition contain a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition.. *465 And a want of a statement of facts sufficient to constitute a cause of action is made a cause of demurrer. But it is not every defect in the statement of facts which renders illegal the judgment rendered, or would render a verdict in favor of the plaintiff “ contrary to law,” and so, under the provision of the code (section 297), constitute cause for setting it aside, and thus arresting the judgment. Where only the statement of the plaintiff’s cause of action is inaccurate or defective, the defect was a,t common law cured by a general verdict in his favor; for all circumstances in such case necessary to make the title thus imperfectly stated complete in form and substance, requiring proof on the trial, are, after verdict, presumed to have been proved. Thus, in an action of trover, where no value oí the chattel is mentioned in the declaration, upon the return of a verdict for damages in favor of the plaintiff, such verdict has always-been held good, and judgment rendered thereon has been sustained. But where the omission is such in the petition, that no cause of action is in fact stated, such omission can not be cured by any legal intendment after verdict. *This necessarily follows from the fact that evidence being necessarily confined to the proof of the-issue, and no cause of action being stated, no cause can be presumed to have been proved in the ease.
What, then, is the cause of action stated in the petition? It is. that the defendants, in locating, laying out, and constructing their railroad through the lands owned by plaintiff, without his consent or approbation, appropriated about two acres of said laud “ in a diagonal manner, so as to greatly injure said premises,” and thereby causing incidental injury to the plaintiff. And this is the whole gravamen of the action. It is not averred that the defendants did any unnecessary injury; nor is it averred that they did not strictly conform to the provisions of the statute in making said appropriation. The statute authorized railroad companies'to appropriate-lands for the purpose of constructing their roads, and jmovidod, at the same time, for a just compensation to the owner. An appropriation was not therefore unlawful, and the facts stated, as a cause of action, do not constitute a trespass. There is no averment that the defendants failed to pay the amount awarded for said’lauds, or that the plaintiff has failed to receive the legal compensation to which entitled, for all damages sustained by reason of such appropriation of his lands.
The balance of the cases decided and to be decided at December term, I860, will be published in Volume XI.
The judgment of the district court must therefore be reversed, and the cause remanded.

Judgment accordingly.

Brinkerhoee, C. J., and Scott, Peck, and Gholson, JJ., con-: curred.